UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EUSTACE PHILLIPS,

        Plaintiff,
vs.                      CASE NO.: 8:10-cv-1924-T-33EAJ

TRANS AM TRUCKING, INC. and
SCOTT ALLEN HADDE,

        Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Eustace Phillips' Motion to Remand (Doc. # 7) and Motion for Attorneys' Fees (Doc. # 8), both filed on September 28, 2010. Defendants filed a Response in Opposition to both motions (Doc. # 9, 10) on October 8, 2010. For the reasons that follow, the Court denies the Motion to Remand and the Motion for Attorneys' Fees.

    **I.**   **Background and Summary of the Arguments**

Phillips alleges he was injured on March 30, 2009, when Scott Hadde, while driving a truck for his employer, Trans Am, side swiped a vehicle in which Phillips was a passenger. Phillips filed suit against Hadde and Trans Am in state court on December 28, 2009. (Doc. # 2). In his complaint, Phillips alleges that the amount in controversy exceeds $15,000.00

1

(<u>Id.</u> at ¶ 1).  Phillips also alleges that he "sustained permanent bodily injuries and has incurred physical pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, the reasonable value and expense of hospital, medical, and nursing care and treatment, loss of earnings and loss of earning capacity." (<u>Id.</u> at ¶ 11). Furthermore, Phillips claims that the injuries he sustained "are permanent with a reasonable degree of medical probability and . . . include past, present and future losses for the remainder of his life expectancy." (<u>Id.</u> at ¶ 12).

The state court set the case for a jury trial during the two week trial block beginning on August 26, 2010. (Doc. # 1-2 at 2).  Defendants moved for a continuance arguing that additional discovery was needed prior to trial. (Doc. # 1-2 at 23-25).  The state court granted the continuance, and the case was re-set for the trial term beginning on November 15, 2010. (Doc. # 1-2 at 51).

During discovery, Phillips responded to Defendants' interrogatories on May 3, 2010, indicating that his medical expenses, so far, reached $59,315.00.  (Doc. # 7-4 at 3). Therein, Phillips also indicated that he did not plan to seek lost wages. (<u>Id.</u> at ¶ 4).  On August 10, 2010, Defendants

deposed Phillips. Defendants assert that it was not until Phillips' deposition that Defendants "had solid and unambiguous information that the case was removable" on the basis of diversity of citizenship. (Doc. # 9 at 11). On August 30, 2010, within thirty days of Phillips' deposition, Defendants removed the case to this Court on the basis of diversity of citizenship. (Doc. # 1).

Phillips does not dispute that the requirements for diversity of citizenship have been met. However, Phillips moves for an order of remand and an award of attorneys' fees arguing that the notice of removal was untimely filed. Phillips asserts that Defendants should have known from the face of the complaint that this matter was removable. In the alternative, Phillips contends that Defendants' right to remove was triggered by Phillips' responses to Defendants' interrogatories (served on May 3, 2010) and thus, Defendants' removal of this action on August 30, 2010, was untimely.

## II. **Legal Standard**

A defendant may remove a case filed in state court to federal court "if the district courts of the United States have original jurisdiction." 28 U.S.C. Section 1441(a). Original jurisdiction may be established if there is complete diversity of citizenship among the parties and the amount in

3

controversy exceeds $75,000.00  Id.  In removal cases, the burden of proving any jurisdictional fact rests upon the defendant.  See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

"Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts."  Total Fleet Solutions, Inc. v. Nat. Crime Ins. Bureau, 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009). Furthermore, a plaintiff's right to choose his forum carries more weight than a defendants right to remove.  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  Id. (citations omitted).  A defendant's burden of proof is therefore a heavy one.  Id.

In determining whether the jurisdictional minimum has been met, the court must review the amount in controversy at the time of removal.  Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998).  If the plaintiff claims damages beneath this threshold, the defendant must prove to a legal certainty that the amount in controversy actually exceeds $75,000.  Id. at 1356-1357.

If the plaintiff does not specify damages, a lower burden of proof applies. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996) (overruled on other grounds by Office Depot v. Cohen, 204 F.3d 1069 (11th Cir. 2000)). In such a case, the preponderance of the evidence standard applies. Id. at 1356-57.

An action that is not removable based upon the initial pleadings may become removable on the basis of a copy of an amended pleading, motion, order, or other paper. Lowery v. Ala. Power Co., 483 F.3d 1184, 1212 (11th Cir. 2007) (citing 28 U.S.C. Section 1446(b)). The defendant must file a notice of removal within thirty days of receiving such a document supporting removal, and the court must determine whether the document and notice clearly establish jurisdiction. Id. at 1213.

**III. Analysis**

Upon due consideration of the record, the Court rejects Phillips' argument that the notice of removal was untimely filed. The complaint did not indicate that the amount in controversy exceeded the jurisdictional threshold of $75,000.00. On the face of the complaint, Phillips alleged damages in excess of $15,000.00. While the complaint alleged that Phillips sustained permanent injuries, this allegation,

5

among others stated in the complaint, was not sufficient to put Defendants on notice that the amount in controversy exceeded $75,000.00.

In an effort to ascertain amount in controversy information, Defendants served Phillips with interrogatories. In response to interrogatories concerning his medical expenses and other damages, Phillips provided a list of medical expenses that added up to $59,315.00. Phillips contends that his responses to Defendants' interrogatories provided Defendants with a valid basis for removal. The Court disagrees. In his interrogatory answers, Phillips described medical expenses which amounted to less than $75,000.00, and Phillips did not specify any other damages in a manner that would have put Defendants on notice that the amount in controversy requirement for removal had been satisfied. This is especially so because Phillips does seek redress for lost wages or other categories of damages that can be reasonably quantified for the purpose of analyzing the amount in controversy for diversity jurisdiction.

It was not until Defendants deposed Phillips that Defendants had a basis for removal. Defendants filed the notice of removal within thirty days of Phillips' deposition. Thus, Defendants' notice of removal was timely filed under

6

the requirements of Lowrey, 483 F.3d at 1213-15, and Phillips' arguments to the contrary are not persuasive. Accordingly, the motion to remand is denied. Furthermore, because the Court denies the motion to remand, the Court denies the motion for attorneys' fees, which is predicated upon improper removal.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Eustace Phillips' Motion to Remand (Doc. # 7) and Motion for Attorneys' Fees (Doc. # 8) are **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of December 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record